# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GARZA, | CASE NO. CV F 06-0113 REC LJO |
| Plaintiff, | **ORDER TO DENY REQUEST FOR ASSIGNMENT OF COUNSEL** |
| vs. | (Doc. 4.) |
| MIKE JOHANNS, Secretary of the U.S. Department of Agriculture, | |
| Defendant. / | |

## INTRODUCTION

Plaintiff Veronica Garza ("plaintiff") proceeds pro se and seeks assignment of counsel. On February 2, 2006, plaintiff filed her complaint to seek this Court's review of a decision of an Administrative Judge of the Equal Opportunity Employment Commission. On that same date, plaintiff filed her request that this Court assign an attorney for plaintiff "due to financial hardship." For the reasons discussed below, this Court DENIES plaintiff's request for assignment of counsel.

## DISCUSSION

42 U.S.. § 2000e-5(f) provides "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . ." A court considers: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

Plaintiff's papers fail to address each factor and merely suggest financial hardship. Although plaintiff proceeds in forma pauperis, plaintiff fails to address attempts to locate counsel. "All that can

1

1 be required of plaintiffs under this aspect of the test is that they make what can be considered a
2 reasonably diligent effort under the circumstances." *Bradshaw*, 662 F.2d at 1319. There is no
3 suggestion that plaintiff contacted an attorney. Plaintiff's request fails to address the likelihood of
4 success on the merits. This Court is provided no guidance as to the grounds for and validity of plaintiff's
5 claims. Plaintiff fails to satisfy her burden to demonstrate the slightest likelihood of success.

## CONCLUSION AND ORDER

For the reasons discussed above and because this Court lacks funds to appoint counsel, this Court:

1. DENIES plaintiff's request for assignment of counsel; and
2. DIRECTS this Court's clerk to refer this matter to this Court's *Bradshaw* panel. The *Bradshaw* panel consists of several local attorneys who have indicated to the Court that they are willing to review cases sent to them by the Court to determine if they are willing to represent pro se plaintiffs in their actions. Plaintiff is advised that this Court is powerless to require an attorney to represent plaintiff in this action. The Court is able only to refer the case to the *Bradshaw* panel. If no attorney is willing to represent plaintiff, plaintiff is required to represent herself. If an attorney is willing to discuss the case with plaintiff, the attorney's office will contact plaintiff.

Despite referral to the *Bradshaw* panel, plaintiff remains responsible to prosecute this action or to dismiss it. This Court's clerk will request plaintiff for information to assist to accomplish service of process on defendant. **Plaintiff is admonished that failure to comply with this Court's orders and the clerk's directions, to assist with service of process, and to prosecute this action will result in recommendation to dismiss this action.**

IT IS SO ORDERED.

**Dated: February 6, 2006**          **/s/ Lawrence J. O'Neill**
66h44d                                UNITED STATES MAGISTRATE JUDGE