IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GARZA, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MIKE JOHANNS, Secretary, ) <br> United States Department of ) <br> Agriculture, ) <br> ) <br> ) <br> Defendant. ) <br> ) | No. CV-F-06-113 OWW/LJO <br><br> ORDER GRANTING DEFENDANT'S <br> MOTION FOR SUMMARY JUDGMENT <br> (Doc. 15) AND DIRECTING <br> CLERK OF COURT TO ENTER <br> JUDGMENT FOR DEFENDANT |

On February 2, 2006, plaintiff Veronica Garza, proceeding *in pro per*, filed a Petition for Review, naming Mike Johanns, Secretary of the United States Department of Agriculture as defendant. Ms. Garza alleges that she is a Resource Assistant with the U.S. Forest Service, Mammoth Ranger District, Division of Recreational Services, Inyo National Forest. Ms. Garza requests that the Final Order of the Administrative Law Judge (ALJ) of the Equal Opportunity Commission dismissing Ms. Garza's complaint of discrimination based on national origin

1

discrimination and reprisal for prior EEO activity when she was issued a Letter of Reprimand on October 24, 2004 and when she was denied work details from April 2004 through October 2004 be vacated and that her case be remanded to the EEOC for adjudication.  The Petition for Review alleges in pertinent part:

> By order of the Administrative Judge (AJ) of the Equal Employment Opportunity Commission, pursuant to 29 CFR 1614.109(g)(3), a Decision (AJ's Decision) was ordered in which Complainant's case was dismissed on the 14th day of September, 2005.  Complainant's representative received the Final Order of the US Department of Agriculture ('The Agency') on November 4, 2005.

Defendant moves for dismissal or for summary judgment of this action on the ground that it is time-barred and this court lacks jurisdiction.

Plaintiff did not file a written opposition to the motion nor did she appear at the hearing on October 2, 2006.[1]

Defendant submits the Declaration of Rhonda Buckman, Equal Opportunity Assistant, United States Department of Agriculture, since July 2004, who avers she is "responsible for mailing out the Final Agency Decisions to the Complainants and all other parties involved."  Ms. Buckman further avers:

> 2.  In the case of *Veronica Garza v. Johanns*, Agency No. 050311, I sent a copy of the Final Agency Decision to Plaintiff's Representative, Mr. Robert Donnelly, via certified mail, on October 18, 2005.
>
> 3.  I copied the certified mail tracking

---

[1]The record establishes that plaintiff was served with defendant's motion.

1          number (7003 3110 0001 5607 7973) used to
           track the delivery of the Final Agency
2          Decision to Mr. Donnelly onto the top portion
           of the Decision.  I did so in the normal
3          course of business and as I customarily do
           whenever I certify service of Final Agency
4          Decisions via certified mail.  By copying
           tracking numbers directly onto Final Agency
5          Decisions, the Employee Complaints Division
           can easily identify assigned tracking numbers
6          within the office.

Attached to Ms. Buckman's declaration is a copy of a letter from Sadhna G. True, Director, Office of Civil Rights, dated October 14, 2005 and addressed to Mr. Donnelly, Donnelly & Donnelly, 1450 Springfield Drive, #56, Chico, California.  The letter encloses a copy of the Final Agency Decision and a description of further appeal rights, including the following information:

           You also have the right to file a civil
           action in an appropriate United States
           District Court.  If you choose to file a
           civil action, you may do so:

              ● Within ninety (90) days of
                receipt of the final action if no
                appeal has been filed.

           ...

           Unless an appeal is filed with the EEOC,
           failure to file a civil action within ninety
           (90) calendar days may result in the
           dismissal of your civil action. ....

Handwritten at the top of the letter are what appears to be the following numbers:  "100331100003520 2026" and "3110 0001 5607 7973".  The proof of service attached to this letter also states that the letter and the enclosure were mailed to Ms. Garza, P.O. Box 8524, Mammoth Lakes, California, on October 18, 2005. Defendant also submits the Declaration of Sara B. Cohen, an

3

1 attorney with the Office of General Counsel, U.S. Department of
2 Agriculture, in San Francisco.  Ms. Cohen avers in pertinent
3 part:

> 2.  On or around July 26, 2006, I contacted Rhonda Buckman ... to request the delivery records of the October 14, 2005, Final Order in Garza v. Johanns, EEOC No. 370-05-00483. Ms. Buckman gave me the certified tracking number used to track the delivery of the Final Order in that case: 7003 3110 0001 5607 7973.
>
> 3.  On July 28, 2006, I contacted the United States Postal Service Office in Chico, California to request the delivery record for certified item number 7003 3110 0001 5607 7973.  Following my request, the Postal Service sent via fax a copy of its archived delivery records for that certified item number.

Attached to Ms. Cohen's declaration is a copy of a fax transmission from the United States Postal Service to Ms. Cohen, which states in pertinent part:

> The following is in response to your 07/28/2006 request for delivery information on your Certified item number 7003 3110 001 5607 7973.  The delivery record shows that this item was delivered on 10/31/2005 at 1:57 PM in CHICO, CA 95928.  The scanned image of the recipient information is provided below.

42 U.S.C. § 2000e-16(c) provides that "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit ... an employee ..., if aggrieved by the final disposition of his complaint ... may file a civil action as provided in section 2000e-5 ... of this title."  If the complainant is represented by counsel, the 90 day period commences to run from the date of counsel's receipt of the final

4

1   decision. *See Irwin v. Dept. of Veteran's Affairs*, 498 U.S. 89,
2   93 (1990).
3       According to defendant's unrebutted exhibits, the 90 day
4   period commenced on November 1, 2005.[2]  To be timely plaintiff's
5   complaint should have been filed on January 30, 2006.  As noted,
6   the complaint was not filed until February 2, 2006.
7       The 90 day period is subject to equitable tolling, *id.* at
8   95-96.  As the Supreme Court explained, however,

> Federal courts have typically extended
> equitable relief only sparingly.  We have
> allowed equitable tolling in situations where
> the claimant has actively pursued his
> judicial remedies by filing a defective
> pleading within the statutory period, or
> where the complainant has been induced or
> tricked by his adversary's misconduct into
> allowing the filing deadline to pass.  We
> have generally been much less forgiving in
> receiving late filings where the claimant
> failed to exercise due diligence in
> preserving his legal rights ....
>
> Petitioner urges that his failure to file in
> a timely manner should be excused because his
> lawyer was absent from his office at the time
> that the EEOC notice was received, and that
> he thereafter filed within 30 days of the day
> on which he personally received notice.  But
> the principles of equitable tolling described
> above do not extend to what is at best a
> garden variety claim of excusable neglect.

*Id.* at 96.

Rule 12(b), Federal Rules of Civil Procedure, provides that if, in a motion under Rule 12(b)(6), "matters outside the

---

[2] In calculating the 90 day period, the first day is omitted and the last day is counted.  *See Prophet v. Armco Steel, Inc.*, 575 F.2d 579, 580 n.1 (5th Cir.1978), citing *Geronymo v. Joseph Horne Co.*, 440 F.Supp. 1157, 1159 (W.D.Pa.1977).

5

1  pleading are presented to and not excluded by the court, the
2  motion shall be treated as one for summary judgment and disposed
3  of as provided in Rule 56, and all parties shall be given
4  reasonable opportunity to present all material made pertinent to
5  such a motion by Rule 56." In *Branch v. Tunnell*, 14 F.3d 449,
6  454 (9th Cir.1994), the Ninth Circuit held that "documents whose
7  contents are alleged in a complaint and whose authenticity no
8  party questions, but which are not physically attached to a
9  pleading, may be considered in ruling on a Rule 12(b)(6) motion
10 to dismiss." In *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th
11 Cir.1998), the Ninth Circuit further held "that a district court
12 ruling on a motion to dismiss may consider a document the
13 authenticity of which is not contested, and upon which the
14 plaintiff's complaint necessarily relies."

15      Under these standards, the October 14, 2005 letter attached
16 to Ms. Buckman's declaration advising Mr. Donnelly of the final
17 decision and of plaintiff's appeal rights may be considered in
18 resolving the motion to dismiss. However, Ms. Cohen's
19 declaration refers to a document upon which plaintiff's complaint
20 does not necessarily rely and which is not alleged in the
21 complaint, i.e., the fax transmission from the U.S. Postal
22 Service. Therefore, the motion is resolved as one for summary
23 judgment.

24      "Where the moving party does not have the burden of proof on
25 the relevant issues, ... the district court must determine that
26 the deficiencies in the opponent's evidence designated in or in

6

connection with the motion entitle the moving party to judgment as a matter of law." *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (9th Cir.1990).  However, as explained in *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir.2001):

> [T]he district court may determine whether there is a genuine issue of fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers. Though the court has discretion in appropriate circumstances to consider other materials, it need not do so.  The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.

Under these standards, the evidence submitted by defendant establishes as a matter of law that the Petition for Review was not filed within 90 days of Mr. Donnelly's receipt of the final decision and information concerning further appeal rights. Plaintiff makes no allegation and presents no evidence from which it may be inferred that she is entitled to equitable tolling.

ACCORDINGLY, as set forth above:

1.   Defendant's motion for summary judgment is GRANTED.

2.   The Clerk of the Court is directed to enter JUDGMENT for defendant.

IT IS SO ORDERED.

**Dated:   October 6, 2006**                            **/s/ Oliver W. Wanger**
668554                                                                  UNITED STATES DISTRICT JUDGE